UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS VENNELL,

    Plaintiff,

v.                                                    CASE NO.

MIDNIGHT VELVET, INC.

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

LOUIS VENNELL (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against MIDNIGHT VELVET, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's complaint is based upon the Florida Consumer Collections Practices Act, §559.55, et seq. ("FCCPA")

### JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and this Court retains supplemental jurisdiction over the state law claims alleged herein.

4. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

6. Plaintiff is a natural person who resides in St. Petersburg, Pinellas County, Florida.

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a corporation with a business office in Monroe, Wisconsin.

8. Plaintiff allegedly owes a consumer debt as that term is defined by the FCCPA.

9. Plaintiff is a consumer as that term is defined by the FCCPA.

10. Defendant is a creditor as that term is defined by the FCCPA.

11. Defendant is a debt collector as that term is defined by the FCCPA.

12. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiff.

13. Within the last two years, Defendant communicated with Plaintiff as that term is defined by the FCCPA.

14. Defendant engages in debt collection in the State of Florida.

15. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

16. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. In or around 2013, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

19. Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 727-515-82XX

20. Defendant places telephone calls from numbers including, but not limited to,

877-996-4142.

21. Per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

22. In or around September of 2013, Plaintiff called Defendant and spoke to Defendant's representative.

23. During the course of the telephone conversation in or around September 2013, Plaintiff requested that Defendant cease placing calls to his cellular telephone.

24. Plaintiff revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on his cellular telephone in or around September, 2013.

25. Despite Plaintiff's request to cease, Defendant placed at least eighty-six (86) automated calls to Plaintiff at the following approximate dates:

- September 20, 2013: five (5) calls;
- September 21, 2013: one (1) call;
- September 23, 2013: two (2) calls;
- September 24, 2013: one (1) call;
- September 25, 2013: two (2) calls;
- September 26, 2013: two (2) calls;
- September 27, 2013: two (2) calls;
- September 28, 2013: two (2) calls;
- October 4, 2013: two (2) calls;
- October 5, 2013: two (2) calls;
- October 10, 2013: two (2) calls;
- October 11, 2013: one (1) call;
- October 12, 2013: one (1) call;
- October 14, 2013: two (2) calls;

- October 16, 2013: two (2) calls;
- October 17, 2013: one (1) call;
- October 19, 2013: one (1) call;
- October 21, 2013: five (5) calls;
- October 23, 2013: two (2) calls;
- October 24, 2013: two (2) calls;
- October 25, 2013: five (5) calls;
- October 26, 2013: one (1) call;
- October 28, 2013: three (3) calls;
- October 30, 2013: one (1) call;
- October 31, 2013: two (2) calls;
- November 4, 2013: one (1) call;
- November 6, 2013: two (2) calls;
- November 9, 2013: one (1) call;
- November 20, 2013: one (1) call;
- November 27, 2013: one (1) call;
- December 6, 2013: three (3) calls;
- December 13, 2013: one (1) call;
- December 30, 2013: one (1) call;
- January 13, 2014: one (1) call;
- January 18, 2014: one (1) call;
- January 29, 2014: one (1) call;
- January 30, 2014: five (5) calls;
- January 31, 2014: five (5) calls;
- February 5, 2014: one (1) call;

- February 13, 2014: one (1) call;
- February 14, 2014: one (1) call;
- February 19, 2014: two (2) calls;
- February 21, 2014: two (2) calls;
- February 25, 2014: one (1) call;
- February 27, 2014: one (1) call;
- March 13, 2014: one (1) call.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

28. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

29. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

30. All court costs, witness fees and other fees incurred; and

31. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA")

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein of this Complaint.

33. Defendant violated FCCPA § 559.72(7) by willfully communicating with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant for the following:

34. Statutory damages pursuant to the Florida Consumer Collections Practices Act, §559.77(2);

35. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collections Practices Act, §559.77(2);

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax: (866) 861-1390
Attorney for Plaintiff
FBN: 0882461